# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELVON C. JACKSON,<br><br>               Plaintiff,<br>    v.<br>SARAH JONES, *et al.*,<br><br>               Defendants. | Case No. CV 17-07843 GW (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On October 26, 2017, plaintiff filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed *in forma pauperis*. The Complaint names as defendants Sarah Jones, a probation officer in the County of Los Angeles, in her individual capacity; and the County of Los Angeles ("County"). (ECF No. 1 at 1-2.) The Complaint arises from incidents that occurred while plaintiff was on "supervised probation" following his release from state prison on April 16, 2015. (*Id*. at 2.) Defendant Jones in Los Angeles, California, was assigned to supervise plaintiff's probation. (*Id*.) Plaintiff raises four claims, all against both Jones and the County. In his First Claim, plaintiff alleges that his right not to be forced to incriminate himself was violated when he was "incarcerated" after he "chose to exercise his Fifth Amendment right." (*Id.* at 20.) In his Second Claim, plaintiff alleges a substantive due process claim for the

alleged denial of his right to "invoke the Fifth Amendment." (*Id.*) In his Third Claim, plaintiff alleges a procedural due process claim arising from his incarceration "without the proper due process procedures." (*Id.* at 20-21.) In his Fourth Claim, plaintiff alleges a claim for cruel and unusual punishment under the Eighth Amendment arising from his "unjust" treatment "while in the custody of defendants and incarcerated without just cause." (*Id.* at 21.) Plaintiff seeks compensatory and punitive damages. (*Id.*)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court's screening of the pleading under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is

plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[1]

### A. Claims against the County

The Complaint purports to raise all four claims against the County. However, in order to state a federal civil rights claim against a local government entity such as the County, the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Here, the Complaint fails to set forth any factual allegations that a specific policy or custom promulgated by the County was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County arising from an improper custom or policy may not be premised on an isolated incident such as plaintiff's one-time incarceration as alleged in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint fails to set forth any factual allegations concerning any practice or custom of the County that he alleges was a "traditional method of carrying out policy" that caused the alleged constitutional violations.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that the County is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

**B.     Rule 8 and failure to state a claim against defendant Jones**

Plaintiff's Complaint violates Rule 8 and fails to state a plausible claim against defendant Jones. Plaintiff sets forth extensive factual allegations concerning his period of probation supervision by defendant Jones, and he also

alleges one ten-day incarceration at the Los Angeles County Jail. (ECF No. 1 at 2-19.) In his First Claim, plaintiff incorporates all of the 92 preceding paragraphs in the Complaint. (*Id.* at 20.) In each of the following three claims, however, plaintiff incorporates only his first 40 paragraphs of allegations. (*Id*. at 20-21.) Plaintiff's Fourth Claim purports to pertain to plaintiff's brief period of incarceration (*see id.* at paragraphs 77-78), but no factual allegations pertaining to any incarceration subsequent to his release from California state prison on April 16, 2015, are set forth in these first 40 paragraphs (*id.* at 2-9). Moreover, plaintiff purports to raise his Fourth Claim under the Eighth Amendment for the "unjust" treatment he received while "in the custody of defendants" (*id.* at 21), but the Complaint does not name any defendants who appear to have had any responsibility for the treatment that plaintiff experienced while he was held in the Los Angeles County Jail for ten days. To the extent that plaintiff is purporting to raise a claim under the Eighth Amendment arising from the conditions of his incarceration in the Los Angeles County Jail in November 2015, plaintiff should name a defendant that he alleges was responsible for those conditions in a First Amended Complaint, and he should set forth factual allegations concerning the allegedly unconstitutional treatment that he experienced during this period of incarceration.

In addition, in plaintiff's Second Claim, plaintiff purports to be raising a substantive due process claim arising from his alleged incarceration after invoking his Fifth Amendment rights. (*Id*. at 20.) However, plaintiff's First Claim raises this same claim under the Fifth Amendment's privilege against coerced confessions. Plaintiff's claim that defendant Jones deprived him of his privilege against self-incrimination is properly analyzed under this provision of the Fifth Amendment and not under a generalized "substantive due process" theory. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a constitutional provision "provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of

7

'substantive due process,' must be the guide for analyzing these claims"); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012) (the Fifth Amendment's explicit provision "that no person 'shall be compelled in any criminal case to be a witness against himself'" governs such a claim rather than "the more generalized notion of substantive due process").

Further, plaintiff's Third Claim alleges that he was "incarcerated without a probable cause hearing" and without being allowed to "face his accusers," but plaintiff's Complaint does not set forth any facts pertaining to any procedures connected to his incarceration in November 2015. Plaintiff alleges that defendant Jones said to him that "she was placing him 'under arrest,'" but plaintiff then appears to have been placed into the custody of unnamed Los Angeles County sheriff deputies. (ECF No. 1 at 16-17.) Accordingly, the Complaint fails to set forth any factual allegations against any named defendant giving rise to a plausible claim arising from the procedures plaintiff was subjected to in connection with his November 2015 incarceration.

Regarding plaintiff's First Claim pursuant to the Fifth Amendment, it appears that defendant Jones, as a probation officer, is entitled to absolute immunity for claims for damages arising from the imposition of allegedly unconstitutional probation conditions. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). The imposition of conditions of probation or parole is a "quasi-judicial" function for which probation or parole officials are entitled to absolute immunity. *Id.* at 1188-89. It is the nature of the function performed, not the role or identity of the actor that determines the scope of absolute immunity. *See, e.g., Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). The Ninth Circuit has held that, where a specific probation condition was imposed as the result of "particularized and discretionary decisions by parole officers" as authorized by state law, the officers

8

are entitled to absolute immunity from claims for damages. *See, e.g., Thornton v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2013); *Frantom v. White*, 627 Fed. Appx. 613, 614 (9th Cir. Dec. 16, 2015) ("defendants were entitled to absolute immunity for imposing [GPS] monitoring as a condition of [plaintiff's] probation pursuant to their discretionary authority" under California law) (now citable for its persuasive value per Ninth Circuit Rule 36-3); *see also France v. Brown*, 2017 U.S. Dist. LEXIS 20183, at *5 (S.D. Cal. Feb. 13, 2017). However, to the extent that plaintiff may be purporting to claim that defendant Jones enforced or implemented the probation conditions in an "unconstitutionally arbitrary or discriminatory manner," plaintiff may be able to state a claim. *See Thornton*, 757 F.3d at 840.

Plaintiff's Complaint fails to set forth a minimum factual or legal basis for each claim that is sufficient to give defendant Jones fair notice of what plaintiff's claims are and the grounds upon which they rest. To the extent that plaintiff intends to raise any federal civil rights claims against defendant Jones, plaintiff should set forth a short and plain statement of each claim showing that Jones took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). In order to state a federal civil rights claim against a defendant, plaintiff must meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern

what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court remains mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, the Complaint does not set a simple and direct statement of the factual or legal basis of each claim against defendant Jones.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple, concise, and direct statement of the factual and legal basis of each of plaintiff's claims.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

Further, plaintiff is advised that on Mondays, Wednesdays, and Fridays in the United States Courthouse at 312 N. Spring Street, Room G-19, in Los Angeles, there is a *pro se* clinic that offers information and guidance to individuals who are representing themselves in federal civil actions. Plaintiff can obtain more information about the clinic by calling (213) 385-2977, Ext. 270, or by visiting the clinic website at http://prose.cacd.uscourts.gov.

**IT IS SO ORDERED**.

DATED: December 4, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE